IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case Nos. |
| LIABILITY LITIGATION | * | 4:10-cv-5060 (C. Cline) |

O R D E R

Presently pending before the Court is Defendant Mentor Worldwide LLC's Motion for Suggestion of Remand (ECF No. 79). For the reasons set forth below, the motion is granted, and the Court suggests that Plaintiff Carol Cline's action against Mentor be remanded to the United States District Court for the District of Minnesota. This Order contains a brief chronicle of the coordinated proceedings to provide guidance to the transferor court after remand.

I.   **Brief Background of the Mentor ObTape MDL**

Mentor Worldwide LLC manufactured and sold a polypropylene mesh suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. The United States Food and Drug Administration cleared ObTape for sale in 2003 via its 510(k) regulatory process, and ObTape remained on the market in the United States until March 2006.

Several years ago, women who had been surgically implanted with ObTape began filing lawsuits against Mentor, alleging that they had been injured by ObTape—primarily that they suffered infections caused by ObTape and that they were injured when ObTape eroded through their bodily tissues.  In December 2008, the Judicial Panel on Multidistrict Litigation created MDL No. 2004 and transferred seventeen actions involving alleged injuries resulting from ObTape to this Court for consolidated and coordinated pretrial proceedings.  See *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 588 F. Supp. 2d 1374 (J.P.M.L. 2008).  After pretrial proceedings and a bellwether trial that settled mid-trial, the original cases and approximately forty additional tag-along cases transferred to this Court were resolved through settlement.  Since then, MDL No. 2004 has grown to include nearly 600 additional tag-along cases, more than 500 of which remain open. The litigation has been divided into five separate phases; cases from phases III, IV, and V are still pending.  In 2013, the Court tried a Phase III bellwether case to verdict.

**II.  Suggestion of Remand of Cline's Case**

Plaintiff Carol Cline filed her Complaint against Mentor in the United States District Court for the District of Minnesota on September 24, 2010, alleging that she was injured by ObTape. *Cline v. Mentor Corporation*, 10-cv-04054 (D. Minn.).  On

2

November 15, 2010, the Judicial Panel on Multidistrict Litigation transferred Cline's case to this Court for pretrial proceedings. ECF No. 6 in M.D. Ga. 4:10-cv-5060; ECF No. 65 in JPML MDL No. 2004. Cline's case was designated as a Phase III bellwether case. Discovery closed in December 2012. Mentor filed a summary judgment motion based on a choice of law issue, asserting that Ohio law should be applied to Cline's claims because Cline is a resident of Ohio whose relevant medical treatment occurred in Ohio. Mentor further argued that Cline's Complaint should be dismissed because it did not state a claim under the Ohio Product Liability Act. The Court denied Mentor's summary judgment motion on January 24, 2013, concluding that Minnesota law should be applied to Cline's claims and that Cline's Complaint adequately stated a claim under Minnesota law. *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, MDL Docket No. 2004, 2013 WL 286276 (M.D. Ga. Jan. 24, 2013); ECF No. 65 in 4:10-cv-5060.

The parties to MDL No. 2004 selected two bellwether cases to be tried during the summer of 2013; Cline's case was not one of those cases. *See* Notice of Parties' Bellwether Trial Selections, ECF No. 562 in 4:08-md-2004. The parties did not agree to waive their 28 U.S.C. § 1407(a) right to remand of Cline's action back to Minnesota. *See* Notice Regarding *Lexecon* Waivers Involving Remaining Bellwethers, ECF No. 718 in 4:08-md-

3

2004; ECF No. 74 in 4:10-cv-5060. The Court thus cannot conduct the trial of this action in the United States District Court for the Middle District of Georgia. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998).

All common discovery and coordinated pretrial proceedings in Cline's case are complete, and the case is ready for trial. Therefore, pursuant to 28 U.S.C. § 1407(a) and JPML Rule 10.1(b), the Court suggests to the Judicial Panel on Multidistrict Litigation that Cline's case be remanded to the United States District Court for the District of Minnesota.

For the convenience of the transferor court, the Court has compiled a list of significant filings and orders in the Cline case and in MDL No. 2004. That list appears as an appendix to this Order.

**III. Intention to Seek Inter-Circuit Assignment**

Under 28 U.S.C. § 292(d), a district judge of one circuit may serve in another circuit under certain circumstances. In the Court's view, inter-circuit assignment would allow the parties to benefit from the Court's knowledge of MDL No. 2004 and would minimize delay and expense. This would also be the first trial of one of these cases in Minnesota, which is the jurisdiction from which many of these cases originated. Thus, this Minnesota trial would provide a good bellwether for the other Minnesota cases still pending in the MDL proceeding. Upon

4

remand, the Court will seek an inter-circuit assignment with the understanding that the Court would preside over the trial of this matter in the United States District Court for the District of Minnesota.

CONCLUSION

Mentor's Motion for Suggestion of Remand (ECF No. 79) is granted, and the Court suggests that Cline's case be remanded to the United States District Court for the District of Minnesota. The Clerk of the Court shall provide a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

IT IS SO ORDERED, this 24th day of February, 2014.

                                          S/Clay D. Land
                                                CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE

**APPENDIX**

*Significant Filings and Orders in Cline and MDL No. 2004*

**Filings Specific to Carol Cline**

1. Plaintiff Carol Cline's Complaint, Sept. 24, 2010. ECF No. 1 in 4:10-cv-5060.

2. Certified Copy of Conditional Transfer Order (CTO-19), Nov. 15, 2010. ECF No. 6 in 4:10-cv-5060; ECF No. 385 in 4:08-md-2004.

3. Answer to Plaintiff Cline's Complaint, with Jury Demand, Dec. 2, 2010. ECF No. 10 in 4:10-cv-5060.

4. Scheduling/Discovery Order Designating *Cline* as a Phase III Case, Mar. 25, 2011. ECF No. 17 in 4:10-cv-5060; ECF No. 401 in 4:08-md-2004.
*See also* Scheduling/Discovery Order, Oct. 6, 2011. ECF No. 25 in 4:10-cv-5060; ECF No. 401 in 4:08-md-2004 (listing *Cline* as a Phase III case and modifying deadlines).
*See also* Joint Amended Scheduling/Discovery Order, May 3, 2012. ECF No. 35 in 4:10-cv-5060; ECF No. 466 in 4:08-md-2004 (listing *Cline* as a Phase III case and modifying deadlines).
*See also* Amended Scheduling/Discovery Order, July 19, 2012. ECF No. 41 in 4:10-cv-5060; ECF No. 480 in 4:08-md-2004 (listing *Cline* as a Phase III bellwether case and modifying deadlines).

5. Order Appointing Plaintiffs' Liaison Counsel and Co-Lead Counsel, Sept. 21, 2011. ECF No. 22 in 4:10-cv-5060; ECF No. 422 in 4:08-md-2004.
Derek H. Potts was appointed Plaintiffs' Liaison Counsel and Derek H. Potts, C. Calvin Warriner, and Mark DiCello were appointed Plaintiffs' Co-Lead Counsel.

6. Order Establishing Plaintiffs' Litigation Expense Fund and Common Benefit, Aug. 9, 2012. ECF No. 45 in 4:10-cv-5060; ECF No. 493 in 4:08-md-2004.
This agreement is between Plaintiffs' counsel and addresses the sharing among Plaintiffs of the cost of special services performed and expenses performed for the common benefit of the Plaintiffs of MDL No. 2004.

7.  Order Denying Mentor's Motion for Summary Judgment, Jan. 24, 2013.  ECF No. 65 in 4:10-cv-5060; 2013 WL 286276.  Denied Mentor's summary judgment motion (ECF No. 58 in 4:10-cv-5060) and concluded that Minnesota law should be applied to Plaintiff Cline's case.

8.  Notice Regarding *Lexecon* Waivers Involving Remaining Bellwethers, Aug. 15, 2013.  ECF No. 74 in 4:10-cv-5060; ECF No. 718 in 4:08-md-2004.  States that the parties did not agree to waive *Lexecon* for Cline's case.

9.  Motion for Suggestion of Remand of Cline Action, Jan. 15, 2014.  ECF No. 74 in 4:10-cv-5060.

**Other Orders Relevant to Carol Cline's Action**
These Orders are, for the most part, evidentiary rulings that were made in the context of the bellwether cases that were tried in this Court; these issues may arise again in Cline's case.

1.  Order Denying Motion to Disqualify Expert Witness Dr. Catherine Ortuno, Apr. 1, 2010.  ECF No. 231 in 4:08-md-2004; 2010 WL 1416548.
    **Summary:** Mentor sought to exclude the testimony of Dr. Catherine Ortuno, who was an employee of a French Mentor subsidiary called Porges.  While she was employed by Porges, Dr. Ortuno and a colleague developed concerns about the safety of ObTape and ultimately recommended that sales of ObTape be stopped.  The Court concluded that Dr. Ortuno would be permitted to serve as an expert witness for Plaintiffs but that she would not be permitted to offer any testimony that would divulge privileged, attorney-client communications.

2.  Order on Phase I Summary Judgment Motions and Admissibility of Plaintiffs' Experts, Apr. 22, 2010.  ECF No. 241 in 4:08-md-2004; 711 F. Supp. 2d 1348.
    **Summary:** Mentor sought to exclude the testimony of Plaintiffs' experts under Federal Rule of Evidence 702.
    ***Dr. Catherine Ortuno*** – motion denied; the Court found that Dr. Ortuno's methodology was sufficiently reliable.
    ***General Causation Witnesses*** (Dr. Linda Brubaker, Dr. Suzanne Bush, Dr. Michel Cosson, Dr. John Davis, Dr. James Hiller, Dr. Mickey Karram, Dr. Kenneth Mitchell, Dr. Donald Ostergard, Dr. William Porter, and Dr. Andrew Siegel) – motion denied; the Court found that these experts' methodology was sufficiently reliable.

***Specific Causation Witnesses*** (Dr. Linda Brubaker, Dr. Suzanne Bush, Dr. John Davis, Dr. James Hiller, Dr. Mickey Karram, Dr. Kenneth Mitchell, and Dr. Mark Slack) – motion denied; the Court found that these experts' methodology was sufficiently reliable.
***Dr. George Samaras*** – motion granted in part and denied in part; based on then-existing Rule 26 Report, the Court concluded that Dr. Samaras would be permitted to testify on general causation but not specific causation.
***Dr. Ahmed El-Ghannam*** – motion denied; the Court found that Dr. El-Ghannam's opinions were sufficiently reliable.
***Dr. Paul Ducheyne*** – motion granted in part and denied in part ; based on then-existing Rule 26 Report, the Court concluded that Dr. Ducheyne could not testify regarding what caused degradation in ObTape but could testify that Mentor should have done more testing based on Mentor's awareness that ObTape could degrade.
***Dr. Arnold Lentnek –*** motion deferred pending *Daubert* hearing.  On May 12, 2010, the Court decided to permit Dr. Lentnek's testimony (ECF No. 301 in 4:08-md-2004).

3. Order re Evidence Related to FDA Regulatory Process, Apr. 23, 2010.  ECF No. 242 in 4:08-md-2004; 2010 WL 1734638.
   **Summary**: Plaintiffs sought to exclude evidence related to the FDA regulatory process.  Discussed basic rules regarding evidence of FDA regulatory process.  Deferred ruling until pretrial conference.  At the pretrial conference on May 3, 2010, the Court granted the motion in limine but stated that if Plaintiffs opened the door to the FDA evidence, it could come in.  (ECF No. 299 – Transcript 174:9-175:16.

4. Order re Phase I Plaintiffs' Experts, Apr. 27, 2010.  ECF No. 246 in 4:08-md-2004; 2010 WL 1727828.
   **Summary**: Mentor sought to exclude the testimony of Plaintiffs' experts under Federal Rule of Evidence 702 and based on relevance.  The motion was granted in part and denied in part.
   ***Dr. Ann Buchholtz*** – testimony not permitted.
   ***Rabbit Study*** – testimony explaining rabbit study permitted, but not testimony that rabbit study establishes that ObTape is capable of causing similar conditions in humans.
   ***Mentor's Warnings to Physicians and the FDA*** – testimony may be relevant to failure to warn claim, but Plaintiff must establish relevance before eliciting this testimony.

5.  Order re Phase I Experts, Apr. 29, 2010.  ECF No. 282 in 4:08-md-2004; 2010 WL 1782272.
    **Summary:**  The parties sought to exclude expert testimony of each other's experts under Federal Rule of Evidence 702. The motions were denied.
    ***Dr. Michael Chernick*** (Plaintiffs' statistician) – testimony permitted.
    ***Mentor's Specific Causation Rebuttal Witnesses*** (Dr. Marta Villarraga, Dr. Charles L. Secrest, Dr. A.W. Karchmer, Dr. James M. Anderson) – testimony permitted.
    ***Dr. Marta Villarraga*** (Mentor's expert re Mentor's conduct in bringing ObTape to Market) – testimony permitted.
    ***Mentor's Experts regarding Pore Distribution*** (Drs. Villarraga and Clevenger) – testimony permitted.

6.  Phase I Bellwether Pretrial Conference Transcript (Day 1), May 3, 2010.  ECF No. 299 in 4:08-md-2004.  Ruled from the bench on several motions in limine.  Significant Issues: *Cross Motions to Exclude Evidence re FDA Regulatory Process* (ECF Nos. 249 & 259) – Granted.  Hr'g Tr. 164:11-175:16. *Plaintiffs' Motion to Exclude "Complication Rates"* (ECF Nos. 250 & 251) – Denied.  Hr'g Tr. 175:20-178:19.

7.  Phase I Bellwether Pretrial Conference Transcript (Day 2), May 4, 2010.  ECF No. 300 in 4:08-md-2004.  Ruled from the bench on several motions in limine.  Significant Issue: *Mentor's Motion to Exclude Evidence Adverse Event Reports* (ECF No. 273) – Denied, but reports must be redacted.  Hr'g Tr. 42:7-47:8.

8.  Order re Dr. Arnold Lentnek, May 12, 2010.  ECF No. 301 in 4:08-md-2004.
    **Summary:** Denied Mentor's motion to exclude Dr. Lentnek, concluding that Dr. Lentnek's methodology was sufficiently reliable.

9.  Order to "Tie Up Some Loose Ends" after Pretrial Conference, May 18, 2010.  ECF No. 335 in 4:08-md-2004, 2010 WL 1998166.
    **Summary:** addressed several issues.  Significantly, the Court stated that it would permit recording of the testimony of European witnesses so the recordings could be used in later trials of MDL No. 2004 cases.  Also addressed the trial structure and concluded that trial should be bifurcated (Phase 1: compensatory damages/punitive damages entitlement; Phase 2: punitive damages amount).  Note: part

9

of this Order was later vacated (*see* ECF 350 re continuing duty to warn under Georgia law).

10. Order re Subsequent Remedial Measure, May 20, 2010.  ECF No. 341 in 4:08-md-2004, 2010 WL 2015146.
    **Summary:** Concluded that Mentor's decision to stop selling ObTape is a subsequent remedial measure under Federal Rule of Evidence 407, so evidence of this decision is not admissible "to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction" but may be admitted for another purpose.  Also concluded that Mentor's introduction of a new sling product, Aris, was *not* a subsequent remedial measure under Federal Rule of Evidence 407.

11. Order re Similar Complications, May 28, 2010.  ECF No. 351 in 4:08-md-2004, 2010 WL 2196632.
    **Summary:** Explained rationale for concluding that Plaintiffs' evidence of other incidents were substantially similar to Plaintiffs' injuries.

12. Order re Continuing Duty to Warn under Minnesota Law (in *Morey v. Mentor*), June 3, 2013.  ECF No. 168 in 4:11-cv-5065, ECF No. 672 in 4:08-md-2004, 2013 WL 2421007.
    **Summary:** Concluded that Plaintiff Irene Morey could assert a continuing duty to warn claim under Minnesota law, so post-implant evidence of safety concerns could be admissible to show notice of the harm and need for additional warnings.

13. Order re Post-Injury Evidence/Punitive Damages (in *Morey v. Mentor*), June 12, 2013.  ECF No. 671 in 4:08-md-2004.
    **Summary:** Concluded that, under Minnesota law, certain post-injury evidence is admissible on the issue of punitive damages.

14. Order re Withdrawal of ObTape from the Market (in *Morey v. Mentor*), June 12, 2013.  ECF No. 179 in 4:11-cv-5065, ECF No. 673 in 4:08-md-2004.
    **Summary:** Reiterated that the withdrawal of ObTape from the market was a subsequent remedial measure under Federal Rule of Evidence 407.